IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Frank Lentine, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 6:08-2542-HMH |
| | ) | |
| vs. | ) | **OPINION & ORDER** |
| | ) | |
| 3M Company; Benlee, Inc.; and Citi-Cargo | ) | |
| & Storage Company, Inc., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on Defendant 3M Company's ("3M") motion to dismiss. For the reasons set forth below, 3M's motion is granted.

### I. FACTUAL AND PROCEDURAL BACKGROUND

This case arises out of injuries allegedly sustained by Plaintiff Frank Lentine ("Lentine") on September 28, 2005, at 3M's facility in Greenville, South Carolina. (Am. Compl. ¶ 7.) 3M is a "global company that manufactures a large array of products including numerous films and adhesives." (Def.'s Mem. Supp. Mot. Dismiss 1-2.) In order to conduct its business, 3M "contracted with Werner Enterprises ["Werner"] in April 1993 to provide transportation services to 3M on an as-needed basis." (Id. at 2.) Werner hired Lentine to provide supplemental transportation services to 3M. While working in this position, Lentine was allegedly injured. Lentine was hired by Werner "for the purpose of hauling a trailer loaded with material produced by 3M's Greenville facility to 3M's facility in Hutchinson, Minnesota." (Id. at 1.); (Am. Compl. ¶ 7.) According to Lentine, when he "approached the correct trailer and cranked the landing

1

gear in a proper manner to position the fifth wheel [t]he handle on the landing gear recoiled, striking [him] in the face and eye severely injuring him." (Am. Compl. ¶ 7.)

Lentine filed suit against Defendants on July 15, 2008, seeking damages for negligence and breach of implied warranty. 3M filed the instant motion to dismiss on January 13, 2009. Lentine filed a timely response on February 2, 2009.

## II. DISCUSSION OF THE LAW

3M has moved to dismiss the claims against it pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, alleging that the court lacks subject matter jurisdiction to consider the merits of the case against 3M. According to 3M, Lentine "was a statutory employee under The South Carolina Workers' Compensation Act, ["the Act"] S.C. Code Ann. § 42-1-400 (2007) at the time of his alleged accident, and as such [Lentine's] claims against 3M are barred as a matter of law." (Def.'s Mem. Supp. Mot. Dismiss 1, Ex. 1 (Aff. Marian West ("West") ¶ 8).) Lentine does not deny that he was an employee of Werner, a subcontractor for 3M, at the time of his injury.

Citing to Rule 12(d) of the Federal Rules of Civil Procedure, Lentine argues that 3M's motion should be converted into a motion for summary judgment because "matters outside the pleadings" are referred to in 3M's motion to dismiss. (Pl.'s Mem. Opp'n Mot. Dismiss 1.) Rule 12(d) states, "[i]f on a motion under *Rule 12(b)(6) or 12(c)*, matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d) (emphasis added). In the instant case, however, 3M has moved for dismissal pursuant to Rule12(b)(1) for lack of subject matter jurisdiction. As such, the affidavit attached to 3M's motion does not convert it into a motion for summary

judgment. "The court's consideration of materials outside the pleadings, such as affidavits, depositions, or live testimony, does not convert the Rule 12(b)(1) motion into a motion for summary judgment." Goewey v. United States, 886 F. Supp. 1268, 1274 (D.S.C. 1995). Accordingly, 3M's motion is a proper motion to dismiss for lack of subject matter jurisdiction and is not a motion for summary judgment.

The determination of whether a worker is a statutory employee is jurisdictional and a question of law. Posey v. Proper Mold & Engineering, Inc., 661 S.E.2d 395, 398 (S.C. Ct. App. 2008). "If a worker is properly classified as a statutory employee, his sole remedy for work-related injuries is to seek relief under the Workers' Compensation Act." Id. at 402; see also S.C. Code Ann. § 42-1-540 (1985). S.C. Code Ann. § 42-1-400 states that when an

> 'owner[]' undertakes to perform or execute any work which is a part of his trade, business or occupation and contracts with any other person[,] [i.e. a subcontractor,] . . . the owner shall be liable to pay [the subcontractor] . . . any compensation under this Title which he would have been liable to pay if the [subcontractor] had been immediately employed by him.

"Three tests are applied to determine whether the activity of an employee of a subcontractor is sufficient to make him a statutory employee of the contractor within the meaning of section 42-1-410." Posey, 661 S.E.2d at 399. A subcontractor's activity is "considered 'part of [the owner's] trade, business, or occupation' for purposes of the statute if it (1) is an important part of the owner's business or trade; (2) is a necessary, essential, and integral part of the owner's business; **or** (3) has previously been performed by the owner's employees." Olmstead v. Shakespeare, 581 S.E.2d 483, 485 (S.C. 2003). "If the activity at issue meets even *one* of these three criteria, the injured employee qualifies as the statutory employee of 'the owner.'" Id.

3

"Any doubts as to a worker's status should be resolved in favor of including him or her under the Workers' Compensation Act." Edens v. Bellini, 597 S.E.2d 863, 868 (S.C. Ct. App. 2004).

On September 28, 2005, Lentine "went to the 3M facility in Greenville, South Carolina to pick up a loaded trailer to be transported to the 3M facility in Hutchinson, Minnesota." (Am. Compl. ¶ 7.) "The trailer [Lentine] was to transport was filled [with] semi-finished good[s] [and] rolls of polyester film, which was being shipped . . . for the purpose of converting [it] into numerous finished products, including 3M Post-it Notes." (Def.'s Mem. Supp. Mot. Dismiss Ex.1 (Aff. West ¶ 9).) "An integral part of 3M's business involves the transportation of raw materials, semi-finished goods, and finished goods from one 3M facility to another 3M facility." (Id. Ex. 1 (Aff. West ¶ 3).) In the past, "3M has used its own trucks and employed its own drivers to convey 3M product from one 3M facility to another 3M facility . . . however, 3M has found it more efficient to contract with numerous outside vendors to provide drivers and tractors while 3M continues to provide the trailers." (Id. Ex. 1 (Aff. West ¶ 6).) 3M employees routinely load and unload "trailers with product to be shipped to other 3M facilities." (Id. Ex. 1 (Aff. West ¶¶ 11-12).)

3M's business consists of manufacturing products and transporting those products between its various plants. 3M contracted with Werner to provide transportation services for its products. Lentine was hired to perform duties that 3M employees had performed in the past. Further, the trailers that Lentine transported were provided, loaded, and unloaded by 3M employees. Hence, the transportation of 3M products is a necessary part of 3M's business. For the above stated reasons, the court finds that Lentine is a statutory employee of 3M under § 42-1-100 of the Act. Therefore, Lentine's exclusive remedy against 3M is pursuant to the Act.

Accordingly, this court is without subject matter jurisdiction with respect to the claims alleged against 3M.

Therefore, it is

**ORDERED** that 3M's motion to dismiss, docket number 27, is granted.

**IT IS SO ORDERED.**

                                                        s/Henry M. Herlong, Jr.
                                                       United States District Judge

Greenville, South Carolina
March 23, 2009